S.D.N.Y. - N.Y.C.
14-cv-4061
Pauley, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August, two thousand fourteen.

Present:
  José A. Cabranes,
  Peter W. Hall,
  Gerard E. Lynch,
    *Circuit Judges*.

Ibelka Vargas,

     *Plaintiff-Appellant*,

  v.                 14-2309

Internal Revenue Service, First Data Merchant Services,

     *Defendants-Appellees*.


Appellant, through her counsel, Phillip Jaffe, moves for an injunction against Appellee Internal Revenue Service ("IRS"), prohibiting it from levying her assets to satisfy her outstanding tax debt. She also requests attorney's fees. The IRS moves for summary affirmance of the district court's judgment dismissing Appellant's suit for lack of subject matter jurisdiction.

Upon due consideration, it is hereby ORDERED that the IRS's motion for summary affirmance is GRANTED, because there is no non-frivolous basis for appeal. *See United States v. Torres*, 129 F.3d 710, 717 (2d Cir. 1997). Appellant's arguments are factually baseless and undisputedly lacking legal merit. *Cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (defining frivolous appeals). It is further ORDERED that Appellant's appeal against Appellee First Data Merchant Services is *sua sponte* DISMISSED because it lacks an arguable basis in law. *Cf. Nietzke*, 490 U.S. at 327; *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995) (recognizing this Court "has inherent

SAO-KAL

authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for [the Court's] consideration"). Accordingly, Appellant's motion for an injunction and request for attorney's fees are DENIED as moot.

It is further ORDERED that Appellant's counsel, Phillip Jaffe, is hereby referred to the Grievance Panel of this Court, because his performance in this case raises concerns regarding his competence and candor that cast into doubt the wisdom of continuing to permit him to represent litigants before this Court. His submissions before this Court and the district court suggest that he did not inform himself of the administrative procedure relevant to his representation of appellant before engaging in that procedure, or even before suing over perceived variances from that procedure. Furthermore, it is unclear whether Mr. Jaffe adequately researched the law underlying his claims–for example, he persists in believing that his client is entitled to a Notice of Deficiency from the IRS–when his client's taxes are not deficient, merely overdue. Finally, he has made a number of statements of fact–both to this Court and to the district court–which it appears he knew, or should have known, were false. *See* ABA Model Rule 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous."); ABA Model Rule 1.1 (stating a lawyer has an obligation to provide competent representation); Model Rule 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.").

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk